```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| ZAMIC CORPORATION, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-1761 |
| § | |
| JOSÉ C. ALFREDO GUERRERO DE § | |
| LA CERDA, RAUL DE LA TORRE § | |
| and JUAN CARLOS GUZMAN, § | |
| individually and d/b/a § | |
| ZACATECAS RECORDS and/or § | |
| LA FERIA DEL DISCO, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION**

Pending before the court[1] is Plaintiff's Motion to Strike Defendants' Pleadings (Docket Entry No. 39). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** the motion **IN PART** and **DENIES** it **IN PART**.

### I.  Case Background

Plaintiff filed the case on May 25, 2007, alleging copyright violations, common law trademark infringement, dilution and injury to business relations, breach of contract, and common law unfair competition and unjust enrichment.[2] Plaintiff seeks an accounting,

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry No. 36.

[2] See Plaintiff's Original Complaint, Docket Entry No. 1, pp. 10-18.

actual and punitive monetary damages, injunctive relief, and attorneys' fees.[3]

The lawsuit involves the right to use the name "Los Cadetes de Linares," a trademarked phrase for use in connection with sound and video recordings and musical performances, and the right to reproduce sound recordings of certain copyrighted works.[4]  The allegedly unauthorized use of the mark "Los Cadetes de Linares" by Defendant José C. Alfredo Guerrero de la Cerda ("Defendant Guerrero") led to a 2004 lawsuit filed by Ramex Records, Inc., the trademark owner at the time.[5]  The parties resolved that lawsuit by entering a settlement agreement that, among other conditions, limited Defendants Guerrero and Zacatecas Records' use of the mark and the songs recorded by the group "Los Cadetes de Linares."[6]

In the present lawsuit, Plaintiff, who is the current owner of the trademark, claims that Defendants have continued to infringe the trademark, have violated the copyrights on several musical compositions, and have breached the settlement agreement.[7]  Defendant Guerrero, as well as Defendants Raul De La Torre and Juan

---

[3]   See id. at pp. 18-20.

[4]   See id. at pp. 3, 4-5; Ex. A, Trademark Assignment, p. 1.

[5]   Id. at p. 5.

[6]   Id. at pp. 6-7.

[7]   See id. at pp. 6-10.

Carlos Guzman, individually and doing business as Zacatecas Records and/or La Feria del Disco, were served in early June 2007.[8]

In early August 2007, Plaintiff moved for the entry of default, citing Defendants' failure to file responsive pleadings, and the court granted it.[9] Weeks later, but before Plaintiff had filed a motion for default judgment, Defendants filed answers to Plaintiff's complaint.[10] Defendants then participated in planning discovery and case management as required by Federal Rule of Civil Procedure ("Rule") 26(f) and attended the scheduling conference.[11]

In February 2008, Plaintiff amended its complaint with leave of court.[12] Plaintiff added Eric Domínguez, in his individual and doing-business-as capacities, and International Musical Treasures, Inc., as defendants, alleging that they also infringed the trademark and copyrights at issue.[13] The new defendants have not been served, according to the court's docket. Because more than 120 days have passed since the complaint was filed, the claims against these defendants will be dismissed without prejudice,

---

[8] See Returns of Service, Docket Entry Nos. 5-8.

[9] See Request for Entry of Default, Docket Entry No. 9; Order Granting Request for Entry of Default dated Aug. 14, 2007, Docket Entry No. 10.

[10] See Answers, Docket Entry Nos. 13-14.

[11] See Joint Discovery/Case Management Plan, Docket Entry No. 16; Minute Entry Order, Docket Entry No. 17.

[12] See Order Granting Leave to Amend dated Feb. 8, 2008, Docket Entry No. 20; Amended Complaint, Docket Entry No. 21.

[13] See Plaintiff's Motion for Leave to Amend, Docket Entry No. 19, p. 3.

unless Plaintiff submits proof of service.  <u>See</u> Fed. R. Civ. P. 4(m).

The parties filed nothing in the case for five months, after which time, the original defendants[14] requested an extension of time for discovery.[15]  The parties filed a joint motion in early September, requesting an extension of discovery to allow for the naming of experts.[16]  Later that month, Plaintiff filed a motion to compel discovery.[17]  After briefing on that motion was complete, the parties consented to proceeding before the undersigned.[18]

In late October 2008, Defendants sought to proceed pro se and sought an extension of time for discovery, citing Defendant Guerrero's unavailability, Defendants' need to retain substitute counsel, and the parties' settlement discussions as reasons for the extension.[19]  The court forthwith granted both Plaintiff's motion to compel and Defendants' motion for an extension of time and

---

[14]  As the defendants named in Plaintiff's Amended Complaint apparently have not been served, the court refers only to the original defendants as "Defendants."

[15]  <u>See</u> Unopposed Motion to Extension of Time to Enlarge Discovery Period and Continuance of Docket Call, Docket Entry No. 22.

[16]  <u>See</u> Motion for an Order Allowing the Identification of Experts and the Production of Expert Reports, Docket Entry No. 25.

[17]  <u>See</u> Plaintiff's Motion to Compel Discovery, Docket Entry No. 26.

[18]  <u>See</u> Consent to Proceed Before United States Magistrate Judge and Order Transferring Case dated Oct. 21, 2008, Docket Entry No. 34.

[19]  <u>See</u> Unopposed Motion to Enlarge the Discovery Period and for a Continuance of the Docket Call and Request for the Approval of the Substitution of Counsel, Docket Entry No. 35.

attorney withdrawal.[20]  In the order compelling discovery, the court allowed Defendants ten days to produce the specific discovery requests enumerated in the order.[21]  The court extended discovery through January 26, 2009, and cancelled docket call.[22]  Defendants have not appeared before the court since being allowed to proceed pro se.

On November 11, 2008, Plaintiff filed a motion to strike Defendants' pleadings.[23]  Therein, Plaintiff recounted the discovery history and noted that Defendants had not complied with the court's order to produce certain documents by November 6, 2008, as ordered by the court on October 27, 2008.[24]  As sanctions for Defendants' failure to comply with the court's order, Plaintiff requests that the court strike Defendants' pleadings and enter a default judgment pursuant to Rule 37(b)(2)(A).  Defendants have not responded to Plaintiff's motion.

## II.  Rule 37 Legal Standard

---

[20]  See Order Granting Motion to Compel dated Oct. 27, 2008, Docket Entry No. 37; Order Granting Motion for Extension of Time for Discovery dated Oct. 27, 2008, Docket Entry No. 38.

[21]  See Order Compelling Discovery dated Oct. 27, 2008, Docket Entry No. 37.

[22]  See Order Granting Motion for Extension of Time for Discovery dated Oct. 27, 2008, Docket Entry No. 38, p. 1.

[23]  See Plaintiff's Motion to Strike Defendants' Pleadings, Docket Entry No. 39.

[24]  See id. at pp. 2-3.

Rule 37(b)(2)(A) lists a number of possible sanctions available to a court to address a party's failure to comply with a discovery order. Among other possibilities, such as staying the proceedings and prohibiting a party from introducing certain matters in evidence, a court may strike pleadings or may render default judgment. Fed. R. Civ. P. 37(b)(2)(A); see also Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968)(stating that the authority emanates from both the federal rules and the court's inherent power). The court's exercise of its authority to enter default judgment for failure to comply with its orders is discretionary. Flaksa, 389 F.2d at 887.

However, the Fifth Circuit requires that the court select the least onerous sanction possible to address the offensive conduct. Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894, 899 (5th Cir. 1997). The entry of default judgment "is a drastic remedy and should be resorted to only in extreme situations" and "is only appropriate where there has been a clear record of delay or contumacious conduct." E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972).

The Fifth Circuit has stated: "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001)(quoting Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)); see also Flaksa,

389 F.2d at 887-88 (also noting that a wide range of lesser sanctions are available to the district court). "[E]ven if the record teems with instances of delay or other egregious behavior," a court must determine that lesser sanctions would not serve the interests of justice before entering default judgment. <u>Sec. & Exch. Comm'n v. First Houston Capital Res. Fund, Inc.</u>, 979 F.2d 380, 382 (5th Cir. 1992).

### III. Analysis

Since October 27, 2008, the date on which the court granted Defendants' counsel's motion to withdraw, Defendants have failed to participate at all in this lawsuit. Defendants have not complied with the court's discovery order compelling them to produce certain documents by November 6, 2008. Additionally, they have failed to respond to Plaintiff's currently pending motion. From the inception of the lawsuit, Defendants have missed deadlines. For example, they did not answer Plaintiff's complaint until a month or so after the court entered an order granting Plaintiff's request for entry of default. According to Plaintiff, Defendants were extremely late in offering (incomplete) responses to Plaintiff's discovery requests.[25]

The court agrees with Plaintiff that sanctions are appropriate for Defendants' failure to comply with the court's discovery order

---

[25] <u>See</u> Plaintiff's Motion to Strike Defendants' Pleadings, Docket Entry No. 39, p. 3.

and their total inattention to this lawsuit since the withdrawal of their counsel.  However, the record is not so clear that this is an extreme situation that requires the most severe of sanctions.  Therefore, the court **ORDERS** Plaintiff to submit a brief within ten days to show cause why a less severe sanction will not serve the interests of justice.  Defendants will have ten days from the date on which Plaintiff files its brief to respond.  Defendants' failure to respond will be considered evidence that they no longer intend to defend this lawsuit.

### IV.  Conclusion

Based on the foregoing, the court **GRANTS** Plaintiff's motion with regard to the imposition of sanctions, but **DENIES** it with regard to the particular sanction sought.  The court will fashion an appropriate sanction after reviewing the parties' additional briefs.

**SIGNED** in Houston, Texas, this 8th day of January, 2009.

Nancy K. Johnson
United States Magistrate Judge