```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| ZAMIC CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1761 |
| | § | |
| JOSÉ C. ALFREDO GUERRERO DE | § | |
| LA CERDA, RAUL DE LA TORRE | § | |
| and JUAN CARLOS GUZMAN, | § | |
| individually and d/b/a | § | |
| ZACATECAS RECORDS and/or | § | |
| LA FERIA DEL DISCO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**[1]

Pending before this court is Plaintiff's Brief to Show Cause Why Less Severe Sanctions Will Not Serve the Interests of Justice (Docket Entry No. 41). The court has reviewed the brief, as well as the relevant legal authority, and finds the entry of default to be the most appropriate sanction in this case. Therefore, Plaintiff's request to strike Defendants' pleadings and to enter default is **GRANTED**.

### I. Procedural History[2]

In November 2008, Plaintiff, in this intellectual property action, filed a motion to strike Defendants' pleadings (Docket Entry No. 39). As sanctions for Defendants' failure to comply with

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry No. 36.

[2] The court does not repeat the factual history of the case. It is summarized in the Memorandum Opinion issued on January 8, 2009. See Memorandum Opinion, Docket Entry No. 40, pp. 1-2.

the court's discovery orders, Plaintiff requested that the court strike Defendants' pleadings and enter a default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A). Defendants did not respond to Plaintiff's motion.

In January 2009, the court granted the motion with regard to the imposition of sanctions, but denied it with regard to entering a default judgment.[3] The court ordered Plaintiff to submit a brief within ten days to show cause why a less severe sanction would not serve the interests of justice.  The court allowed Defendants ten days from the date on which Plaintiff filed its brief to respond and warned Defendants that the failure to respond would be considered evidence that they no longer intended to defend this lawsuit.

The brief Plaintiff submitted in response to the court order[4] details the following abuses and delays on the part of Defendants:[5]

1. Plaintiff initiated this lawsuit on May, 25, 2007, to enforce a settlement agreement, dated July 22, 2005, concerning the

---

[3] See id. at p. 8.

[4] Plaintiff also explains in its brief that, although it filed for leave to amend to add two defendants and submitted a proposed amended complaint, it decided not to join the additional parties and did not serve them.  Plaintiff did not notify the court of this decision until its most recent brief, which was filed eleven months after the court granted Plaintiff's motion for leave to amend.  To clarify the record, the court notes that the proposed amended complaint became the live pleading in this case upon the court's order granting leave to amend.  It remains the live pleading and, by order of the court in the prior Memorandum Opinion, the newly added parties were dismissed without prejudice due to Plaintiff's failure to serve them in a timely fashion. See id. at pp. 3-4.

[5] See generally Plaintiff's Brief to Show Cause Why Less Severe Sanctions Will Not Serve the Interests of Justice, Docket Entry No. 41, pp. 3-5.

same infringement of intellectual property alleged here and to remedy ongoing infringement.

2. Plaintiff served Defendants José C. Alfredo Guerrero de la Cerda, Raul De La Torre, and Juan Carlos Guzman in early June 2007. When Defendants failed to answer by August 9, 2007, Plaintiff filed a request for entry of default, which the court granted. Weeks later, but before Plaintiff had filed a motion for default judgment, Defendants filed answers to Plaintiff's complaint.

3. Despite Plaintiff's efforts "in conducting the discovery which is necessary for this litigation, including repeated requests for dates to set depositions, requests for answers to interrogatories, and requests for the production of documents from counsel for the Defendants," Defendants provided very few discovery responses.[6] Those responses "were late, wholly inadequate, incomplete, and contained false information."[7] Defendants failed to respond to Plaintiff's attempts to set dates for depositions.

4. Plaintiff attempted, in vain, to reach an agreement on these discovery issues before filing a motion to compel. About a month later (after briefing on the motion to compel was complete), Defendants filed a motion to appear pro se and to extend the discovery period. Defendants' counsel sought to withdraw because Defendants were not cooperating on the discovery matters. The

---

[6] Id. at p. 4.

[7] Id. In its brief, Plaintiff offers multiple examples of how Defendants' answers were incomplete and false. See id. at pp. 7-9.

court granted Defendants' motion and allowed them ten days to produce certain of Plaintiff's discovery requests addressed in Plaintiff's motion to compel.

5. Defendants failed to produce the documents as ordered by the court and, in fact, failed to respond at all to the court's order. Plaintiff attempted to contact Defendants to no avail.

6. Plaintiff filed its motion to strike the pleadings and to enter default judgment, and Defendants failed to file a response or to communicate with Plaintiff (or the court).

7. Defendants continue to infringe Plaintiff's intellectual property rights by "sell[ing] to a distributor or to distributors in the territory of the Southern District of Texas within the past few weeks."[8]

The court notes that the extent of Defendants' involvement in this case, in addition to any participation alluded to above, was through counsel in attendance of the joint meeting with Plaintiff to plan discovery, appearance at the scheduling conference, responses to Plaintiff's motion to compel, and consent to the undersigned's jurisdiction. Defendants have not appeared before the court since being allowed to proceed pro se.

## II.  Rule 37 Legal Standard

Rule 37(b)(2)(A) lists a number of possible sanctions available to a court to address a party's failure to comply with a

---

[8]  Id. at p. 9.

discovery order.  Among other possibilities, such as staying the proceedings and prohibiting a party from introducing certain matters in evidence, a court may strike pleadings or may render default judgment.  Fed. R. Civ. P. 37(b)(2)(A); see also Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968)(stating that the authority emanates from both the federal rules and the court's inherent power).  The court's exercise of its authority to enter default judgment for failure to comply with its orders is discretionary.  Flaksa, 389 F.2d at 887.

However, the Fifth Circuit requires that the court select the least onerous sanction possible to address the offensive conduct. Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894, 899 (5th Cir. 1997).  The entry of default judgment "is a drastic remedy and should be resorted to only in extreme situations" and "is only appropriate where there has been a clear record of delay or contumacious conduct."  E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972).

The Fifth Circuit has stated:  "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001)(quoting Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)); see also Flaksa, 389 F.2d at 887-88 (also noting that a wide range of lesser sanctions are available to the district court).  "[E]ven if the

record teems with instances of delay or other egregious behavior," a court must determine that lesser sanctions would not serve the interests of justice before entering default judgment. Sec. & Exch. Comm'n v. First Houston Capital Res. Fund, Inc., 979 F.2d 380, 382 (5th Cir. 1992).

### III.  Analysis

As noted in the prior Memorandum Opinion, Defendants have failed to participate in this lawsuit at all since the court granted their counsel's motion to withdraw. This lack of participation includes the failure to comply with the court's discovery order issued in October 2008 or to respond to Plaintiff's Motion to Strike Defendants' Pleadings or Plaintiff's currently pending show cause brief. From the inception of the lawsuit, Defendants have missed deadlines, such as that by which they were required to answer, and Defendants' prior counsel was compelled to request extensions of discovery deadlines due to the lack of cooperation by his clients.

In its show cause brief, Plaintiff has provided additional detail regarding Defendants' failure to respond to discovery, false and incomplete responses, refusal to communicate with Plaintiff, and alleged continuation of infringing activities. Defendants chose not to respond to Plaintiff's brief, despite the court's

prior warning that a "failure to respond [would] be considered evidence that they no longer intend to defend this lawsuit."[9]

Although the Fifth Circuit is reticent to enter default judgment as a sanction for discovery abuses, it does not preclude doing so and leaves the decision to the discretion of the district court.  See Flaksa, 389 F.2d at 887.  In Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986), the Fifth Circuit affirmed the dismissal with prejudice of a lawsuit for failure to prosecute. There, the plaintiff did not respond to a court order over a period of ten months and failed to appear at a pretrial conference despite the court's warning that it was giving the plaintiff "one last opportunity" to comply.  Price, 792 F.2d at 473-74.  The court reiterated three aggravating factors to be considered:  delay caused by the noncompliant party itself, not its counsel; actual prejudice to the other party; and delay caused by intentional conduct.  Id. at 474; see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987)(listing the same three factors and inability to achieve deterrence with lesser sanction and "clear record of delay or contumacious conduct").[10]

Here, Defendants are the source of the delay and are appearing pro se because their attorney was unable to enlist their

---

[9] Memorandum Opinion, Docket Entry No. 40, p. 8.

[10] In Brinkmann, the Fifth Circuit affirmed the dismissal of a case brought by a pro se plaintiff because the plaintiff "brazenly defied the court." Brinkmann, 813 F.2d at 749.

cooperation in discovery.  Defendants have stalled the action at discovery.  Plaintiff has been prejudiced in that it has expended much time, effort, and money in its attempts to procure discovery and to move this lawsuit through its course.  Although the court cannot determine definitively whether Defendants are intentionally delaying prosecution of the lawsuit, the degree of avoidance eliminates the possibility of inadvertence or negligence.

In light of Defendants' total disappearance from this lawsuit, coupled with their prior incomplete and late participation, the court finds entry of default to be an appropriate sanction.  The court cannot fathom how any lesser intervention could possibly remedy the situation or serve the interests of justice.  Moreover, Defendants' lack of communication with Plaintiff or the court make it unlikely that the imposition of any lesser sanction would be heeded by Defendants.

## IV.  Conclusion

Based on the foregoing, the court **GRANTS** Plaintiff's motion to strike Defendants' pleadings and for entry of default.  A hearing is set for 10:30 a.m. on February 13, 2009, at which time Plaintiff may present evidence regarding the amount of its damages.  Defendants are invited to attend to contest entry of a default judgment and/or the amount of damages.

**SIGNED** in Houston, Texas, this 5th day of February, 2009.

Nancy K. Johnson
United States Magistrate Judge